IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                    :
                                                    :
                                                    :
UNITED STATES OF AMERICA,        :
                                                    :
            Plaintiff,                            :
                                                    :            Crim. No. 16-271 (RBK)
            v.                                    :
                                                    :            **OPINION**
MICHAEL WOOD,                          :
                                                    :
            Defendant.                         :
                                                    :
_____:

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Michael Wood's motion for early termination of his term of supervised release. (ECF No. 208). The United States of America ("the Government") opposed (ECF No. 210), and Defendant replied. (ECF No. 211). For the reasons set forth below, Defendant's motion is **DENIED**.

**I.      BACKGROUND**

On November 26, 2018, this Court sentenced Defendant to twenty months in prison and three years of supervised release. (ECF No. 164). He was ordered to pay $46,320.40 in restitution, which he has paid in full. (ECF No. 208, "Pl. Mot." 2). On June 2, 2020, Defendant completed his term of imprisonment and began his supervised release term, which is scheduled to end in June 2023. (*Id.*).

After trial, the jury convicted Wood on two counts: Conspiracy to Harbor Aliens for Financial Gain (8 U.S.C. § 1324(a)(1)(A)(v)(I)) and Harboring Aliens (8 U.S.C. §§

1

1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii)). (ECF No. 99).

His wife, Mary Wood, was also found guilty of the same two counts along with a third, unlawful

procurement of naturalization, but the Court dismissed this last count. (*Id.*; ECF No. 162). His

involvement included wearing his pilot uniform to bring the victim, P.I., to the United States, and

he used a passport belonging to his daughter to disguise the victim during inspection by

immigration officials. (ECF No. 210, "Gov't Opp'n." ¶ 8). Nor is this Defendant's only instance

of similar behavior, as Defendant used the same strategy to bring a different victim, "Loveluck,"

to the United States from Ghana. (*Id.*).

Since his release, Defendant has continued his career as an airline pilot, and he was

initially subject to certain travel restrictions, including not being able to fly out of domestic

airspace. (Pl. Mot. 2). On July 22, 2021, this Court modified the terms of Defendant's release to

permit him to fly through international airspace so long as the plane landed in and departed from

domestic territory. (ECF No. 198). 21 Air, LLC employed Defendant as an airline cargo pilot,

but after a few months of his employment, requested that he be able to fly internationally. (*Id.*).

Defendant filed a motion on December 9, 2021 for a request to modify the conditions of his

supervised release to allow for international travel, but this was denied. (*Id.*). Subsequently,

Defendant left 21 Air, LLC as he could not meet the airline's international travel requirements,

and he is currently employed by American Airlines. (*Id.* at 2-3). Defendant now seeks early

termination of his supervised release so that he can receive a higher salary by flying

internationally for American Airlines. (*Id.* at 3).

## II.   LEGAL STANDARD

18 U.S.C. § 3583(e)(1) outlines how, "after considering the factors set forth in section

3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the Court may

terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

§ 3583(e)(1). The Court must then consider factors established in § 3553(a) which are as follows:

(1) The nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *see also United States v. Davies*, 746 F. App'x 86, 88 (3d Cir. 2018). The Court has broad discretion to decide if it should terminate supervision early. *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). When deciding if it should terminate supervised release, the Court must consider the § 3553(a) factors and determine if the action "is warranted by the defendant's conduct and is in the interest of justice." *Id.* at 52. The Court only must make a statement saying it has considered the factors, and it does not have to speak to each factor individually. *See United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003). Further, a defendant's compliance with their terms of supervision is expected and not enough to justify early termination. *See United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003).

Nor must the Court find there to be exceptional or unforeseen circumstances to grant an early termination of supervised release. *Melvin*, 978 F.3d at 53. Yet, generally one of the few instances that allows for early termination is the presence of changed circumstances so long as the original sentence was "sufficient, but not greater than necessary." *See Id.* at 53; 18 U.S.C. § 3553(a).

## III.   DISCUSSION

Upon review, the Court determines that early termination of supervised release is not justified in this case.

First, after considering the § 3553(a) factors, the Court finds they do not warrant an early termination of supervised release. Most significantly, early termination would place Defendant in a similar position as to that which he used to bring victims to the United States in the first place. (*See* Gov't Opp'n ¶ 8). There is then a need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Second, the Court remains certain that the earlier sentence was compliant with the sentencing objectives under § 3553(a). Defendant's sentence was within the sentencing guidelines, met the requirements under 18 U.S.C. § 3553, and was "sufficient but not greater than necessary." *Id*. Further, while Defendant has thoroughly complied with the requirements of his supervised release, this alone is not enough to justify early termination.

Third, the changed circumstances Defendant presents are not significant enough to warrant early termination on their own. Defendant contends that early termination would allow him to fly internationally to meet pilot demand brought on by the pandemic, achieve a higher salary, and thwart potential employment loss, which would allow him to pay off debts and financially assist his children. (Pl. Mot. 3). While these are all admirable goals, Defendant is gainfully employed with less than a year remaining of supervised release before he would be able to fly internationally. (*See* Gov't Opp'n ¶ 17). Additionally, this Court has already granted one of Defendant's motions to allow him to maintain employment by flying in international airspace. (ECF No. 198). While the issue of flying internationally contributed to Defendant to losing his position with 21 Air, LLC, his current employer has not presented this as being an

issue. (*See* ECF No. 211, "Pl. Resp." 4). Therefore, for the above reasons, Defendant's circumstances do not warrant early termination of his supervised release.

## IV.  CONCLUSION

For the reasons herein, Defendant's motion for early termination of his supervised release is **DENIED**.

Dated: <u>July 25, 2022</u>

<u>/s/ Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge